NO. 07-07-0184-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 28, 2008

_____

TAI THANH HO,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 403rd DISTRICT COURT OF TRAVIS COUNTY;

NO. 07-904001; HON. BRENDA KENNEDY, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

After a jury trial, appellant Tai Thanh Ho (appellant) was convicted of the offense

of murder.  Punishment was assessed by the jury at seventy-five years in the Texas

Department of Criminal Justice Institutional Division. Appellant timely filed his notice of appeal.

Appellant's appointed counsel has filed a motion to withdraw, together with an *Anders*[1] brief, wherein he certifies that, after diligently searching the record, he has concluded that appellant's appeal is without merit. Along with his brief, he has filed a copy of a letter sent to appellant informing him of counsel's belief that there was no reversible error and of appellant's right to appeal *pro se.* By letter dated October 5, 2007, this court notified appellant of his right to file his own brief or response by November 5, 2007, if he wished to do so. Appellant filed a response wherein he contends that 1) the trial court erred by failing to, *sua sponte*, give a reasonable doubt instruction to the jury on extraneous offenses or bad acts, and in allowing witnesses to testify about bad acts concerning his statement in needing a gun, 2) the State failed to give notice of use of extraneous offenses, 3) the State failed to comply with Rules 404(b) and 609(f) of the Texas Rules of Evidence and "Art. 37.07 §3 and Art. 38.37 of T.C.C.P." and 4) the trial court erred by allowing testimony regarding his cell phone account.

In compliance with the principles enunciated in *Anders,* appellate counsel discussed each phase of the trial including 1) voir dire, 2) admission of crime scene and autopsy photos at trial, 3) testimony at trial by several witnesses, 4) business records introduced at trial, 5) legal and factual sufficiency of the evidence at trial, 6) the jury charge for both guilt/innocence and punishment phases of the trial and 7) jury argument. At each phase, counsel discussed the applicable law and analyzed the evidence according to that law.

---

[1]*See Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

Upon his final analysis, counsel determined no reversible error existed. Thereafter, we conducted our own review of the record to assess the accuracy of appellate counsel's conclusions and to uncover any error, reversible or otherwise, pursuant to *Stafford v. State*, 813 S.W.2d 503 ( Tex. Crim. App. 1991), along with appellant's response, and concluded the same.

Accordingly, the motion to withdraw is granted and the judgment is affirmed.

Brian Quinn
Chief Justice

Do not publish.